UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BART SHERIDAN PETRIKEN,

                Petitioner,                Case No. 1:12-cv-326

v.                                           Honorable Paul L. Maloney

MARY BERGHUIS,

                Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition, as Petitioner seeks to amend it, without prejudice for failure to exhaust available state-court remedies.[1]

---

[1] Contemporaneously with his habeas application, Petitioner has filed a motion to stay and hold in abeyance these proceedings until he can return to state court to exhaust certain additional claims. The Court has considered the claims raised in the motion to stay as a request to amend the original petition.

**Discussion**

        I.      Factual allegations

Petitioner Bart Sheridan Petriken presently is incarcerated at the West Shoreline Correctional Facility. He currently is serving a prison term of seven to twenty years, imposed by the Branch County Circuit Court on February 1, 2010, after Petitioner was convicted of operating and maintaining a laboratory involving hazardous waste, MICH. COMP. LAWS § 333.7401c(2)(c).[2]

Petitioner appealed to the Michigan Court of Appeals. His appellate brief, filed by counsel on November 24, 2010, raised three issues:

    I.    THE TRIAL COURT DENIED [PETITIONER] HIS DUE PROCESS RIGHT TO PRESENT A DEFENSE BY NOT ALLOWING THE DEFENSE TO CALL A KEY WITNESS AT TRIAL.

    II.    [PETITIONER] WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS ATTORNEY FAILED TO CONDUCT A REASONABLE INVESTIGATION INTO POTENTIAL WITNESSES AT TRIAL AND PROVIDE A WITNESS LIST IN A TIMELY MANNER.

    III.    [PETITIONER'S] CONVICTIONS FOR BOTH COUNTS I & II VIOLATE THE PROHIBITION ON DOUBLE JEOPARDY AS THERE ARE NO ELEMENTS IN COUNT I THAT ARE NOT CONTAINED IN COUNT II.

(Attach A to Pet., docket #1-1, Page ID#23.) Petitioner subsequently filed a *pro per* supplemental brief raising five additional issues:

    I.    THE COURT OF APPEALS SHOULD REMAND THIS CASE TO DEVELOP A FACTUAL RECORD TO FULLY SUPPORT [PETITIONER'S] ARGUMENTS BASED ON IN-RECORD AND NON-RECORD CIRCUMSTANCES TO SATISFY SUBSTANTIVE DUE PROCESS.

---

[2] Petitioner also was convicted of a second count: operating and maintaining a laboratory involving methamphetamine, MICH. COMP. LAWS § 333.7401c(2)(f). In an unpublished decision issued June 23, 2011, the Michigan Court of Appeals reversed that conviction as a violation of double jeopardy. *See People v. Petriken*, No. 296520 (Mich. Ct. App. June 23, 2011) (Attach. B to Pet., docket #1-2, Page ID##119-25).

  II.  THE COURT SHOULD ORDER A GINTHER HEARING TO EXPLICATE ADDITIONAL FACTS OF STATUTORY AND CONSTITUTIONAL IMPORT.

  III.  THE TRIAL JUDGE PIERCED THE VEIL OF IMPARTIALITY BY (A) STATING HIS BELIEF IN [PETITIONER'S] GUILT, (B) MAKING COMMENTS BEYOND THE FACTS IN EVIDENCE ESSENTIALLY BECOMING A WITNESS IN THE CASE, AND (C) BOLSTERING THE STATE'S EXPERT WITNESS EVINCING A BIASED STATE OF MIND DENYING DUE PROCESS, A FAIR TRIAL AND AN ACCURATE VERDICT.

  IV.  [PETITIONER] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL BECAUSE: (A) SHE FAILED TO INVESTIGATE LEADS AND THE LAW TO HOLD THE PROSECUTOR TO HIS PROOFS, (B) FAILED TO ENTER A MOTION FOR DIRECTED VERDICT OF ACQUITTAL ON THE POSS/OPERATE METH LAB CHARGES, AND (C) FAILED TO REQUEST CJI FOR POSSESSION OF CONTROLLED SUBSTANCE, EVEN AFTER THE JUDGE SUGGESTED SUCH AN INSTRUCTION WAS TENABLE; CONTRARY TO ORDERED LIBERTY UNDER U.S. CONST, AMS VI & XIV.

  V.  [PETITIONER] WAS DENIED HIS DUE PROCESS AND A FAIR TRIAL BY A MULTIPLICITY OF ERRORS EXERTING A NEGATIVE CUMULATIVE EFFECT ON THE JURY RENDERING A CORRECT VERDICT.

(Attach. B to Pet., docket #1-2, Page ID#62.) The court of appeals affirmed Petitioner's conviction for operating and maintaining a laboratory involving hazardous waste, but sustained Petitioner's third appellate ground, reversing the conviction for operating a maintaining a laboratory involving methamphetamine as violative of the Double Jeopardy Clause. Petitioner appealed his conviction to the Michigan Supreme Court, raising the same eight grounds. The supreme court denied leave to appeal on November 21, 2011.

  In his habeas application, Petitioner raises the same grounds presented to the Michigan appellate courts, with the exception of his third claim on appeal involving double jeopardy. In addition, Petitioner has filed a motion (docket #2) to stay the petition and hold it in abeyance while he exhausts six additional claims: (1) lack of jurisdiction based on an invalid felony

complaint, warrant and information; (2) structural error in the failure to give complete jury instructions; (3) prosecutorial and police misconduct; (4) trial court acquiescence of control to the prosecution causing a miscarriage of justice; (5) constructive denial of trial counsel; and (6) ineffective assistance of appellate counsel in failing to raise the new claims. Petitioner states that he intends to file a motion for relief from judgment under MICH. CT. R. 6.502.

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to the petition and attachments, Petitioner has fully exhausted the claims set forth in his original habeas petition. In his motion to stay, however, Petitioner expresses

an intent to amend his petition to include six additional claims, which he acknowledges have never been presented to the state courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Because Petitioner expresses his intent to raise some claims that are exhausted and some that are not, his petition, as he seeks to amend it, is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that, when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on November 21, 2011. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, February 20, 2012. Accordingly, absent tolling, Petitioner would have one year, until February 20, 2013, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[3] Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the

---

[3]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As a consequence, once Petitioner files his motion for relief from judgment in the Branch County Circuit Court, his statute of limitations will be tolled until the Michigan Supreme Court has completed its review, at which time the limitations period will begin to run again. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   April 13, 2012                     /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            Chief United States District Judge